# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OLIVIA WAGGY, | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 17-2190 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | * |
| Defendant.[1] | * |

## MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Olivia Waggy seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 16) and Defendant's Motion for Summary Judgment (ECF No. 19).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

for Summary Judgment (ECF No. 19) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

I

**Background**

Born in 1955, Plaintiff has a high-school education and previously worked as a deli clerk and kitchen helper. R. at 24, 40-41. On November 18, 2011, Plaintiff protectively filed an application for DIB, alleging disability beginning on January 4, 2008, due to a learning disability, high blood pressure, and depression. R. at 102, 254-55, 285, 289. The Commissioner denied Plaintiff's application initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 83-98, 124-32. On March 10, 2014, ALJ Alma S. de Leon held a hearing at which Plaintiff *pro se* and a vocational expert ("VE") testified. R. at 33-60. Plaintiff at the hearing amended her alleged onset date of disability to March 21, 2011. R. at 179-80. On March 13, 2014, the ALJ issued a decision finding Plaintiff not disabled from March 21, 2011, through the date of the decision. R. at 99-117. On February 2, 2016, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case for further proceedings. R. at 118-23.

On November 7, 2016, ALJ Nicolas R. Foster held a supplemental hearing at which another VE and Plaintiff, now represented by counsel, testified. R. at 61-82. On January 13, 2017, the ALJ issued a decision finding Plaintiff not disabled from March 21, 2011, through the date last insured of June 30, 2015. R. at 10-31. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on June 3, 2017. R. at 1-5, 252-53. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R.

§§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On August 3, 2017, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

### Summary of Evidence

The Court reviews here and in Part VI below the relevant evidence.

**A.     Plaintiff's Testimony**

The ALJ reviewed Plaintiff's testimony in his decision:

> [Plaintiff] alleges disability secondary to diagnoses of depression, an anxiety disorder and borderline intellectual functioning. [Plaintiff] indicated that her impairments affect her memory, concentration and understanding as well as her ability to complete tasks and get along with others. She testified that she has difficulty reading and that she gets frustrated writing letters or a journal due to her alleged memory issues. She also noted that she has difficulty with spelling. She indicated that she has some issues with concentrating and that she will occasionally fall asleep while doing tasks. Finally, [Plaintiff] indicated that she has been prescribed multiple medications to treat her impairments and that they have caused side effects such as sleepiness.

R. at 20. Plaintiff also testified that she stopped working on March 21, 2011, because her employer went out of business. R. at 66, 67-68.

**B.     VE's Testimony**

The VE testified that an individual limited to the full range of medium, unskilled work could perform Plaintiff's past work as a deli clerk and kitchen helper. R. at 64-65, 79. Plaintiff's past job as a deli clerk would be available to an individual limited to the full range of light,

3

unskilled work.³  R. at 80.  According to the VE, his testimony was consistent with the *Dictionary of Occupational Titles*.⁴  R. at 80.

## III

## **Summary of ALJ's Decision**

On January 13, 2017, the ALJ found that, through the date last insured of June 30, 2015, Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of March 21, 2011; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was able to perform her past relevant work as a deli clerk and kitchen helper.  R. at 15-24.  The ALJ thus found that she was not disabled from March 21, 2011, through the date last insured of June 30, 2015.  R. at 24.

In so finding, the ALJ found that,

> [w]ith regard to concentration, persistence or pace, [Plaintiff] had, at most, moderate difficulties.  The record shows that [Plaintiff] can care for her personal needs.  She shops in stores and prepares meals on a regular basis.  She also can use a microwave and she goes out to eat.  Further, she indicated that she can follow both written and oral instructions and that she had no problems following

---

³ "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."  20 C.F.R. § 404.1568(a).  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  *Id.* § 404.1567(b).  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  *Id.* § 404.1567(c).

⁴ "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. § 404.1566(d)(1).  "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption."  *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

> simple recipes. She also indicated that she is okay with handling changes in routine. The medical evidence shows that [Plaintiff] was repeatedly found to be alert and oriented and it was repeatedly noted that she concentrated well in conversation. Finally, [Plaintiff] indicated that she is able to pay bills, count change and handle a checkbook/money orders.

R. at 17.

The ALJ then found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following non-exertional limitations: she is limited to simple, routine tasks." R. at 18. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. However, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 20. The ALJ found that Plaintiff's "allegations are not consistent with [her] daily activities or the objective medical evidence. Regarding activities of daily living . . . , the undersigned finds that [Plaintiff's] level of daily activity is not congruent with [her] allegations and that this lessens the persuasiveness of her claim, particularly regarding her subjective allegations." R. at 20.

> [W]hile the objective medical evidence indicates that [Plaintiff] has some mental impairments, the record reflects that there is not any significant ongoing deficit with [her] memory. . . . The undersigned finds that this evidence is not congruent with the level of impairment that [Plaintiff] has alleged, and that this lessens the persuasiveness of her claim, particularly regarding her subjective allegations.

R. at 20-21. "While [Plaintiff] may have some mental impairments, the undersigned finds that . . . [she] is not persuasive as to the extent of her mental symptoms." R. at 23-24. The ALJ thus found that an RFC "for work at all exertional levels, with the additional restrictions imposed, is appropriate." R. at 24.

# IV

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[5]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a

---

[5] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

V

**Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is

supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[6] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 4-10,

---

[6] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

ECF No. 16-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 6. In particular, she contends that, although the ALJ found that she had moderate difficulties with regard to concentration, persistence, or pace, the ALJ failed to include any limitation on concentration, persistence, or pace in the RFC assessment. *Id.* Rather, the ALJ limited her to the performance of simple, routine tasks. *Id.* (citing R. at 18). Plaintiff also asserts that the ALJ failed to evaluate properly the opinions of L. Alexandra Mirabelli, Psy.D., who evaluated Plaintiff on December 16, 2014. *Id.* at 6-10. Plaintiff finally contends that the ALJ erroneously relied on the VE's testimony. *Id.* at 11-13. For the reasons that follow, Plaintiff's contentions are unavailing.

A. **Plaintiff's Moderate Difficulties with Concentration, Persistence, or Pace**

The Court first turns to Plaintiff's argument that remand is warranted because the ALJ failed to include any limitation on her concentration, persistence, or pace in the RFC assessment. *Id.* at 6. SSR 96-8p explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are

'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary."

*Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015).

Here, the ALJ found that, "while the objective medical evidence indicates that [Plaintiff] has some mental impairments, the record reflects that there is not any significant ongoing deficit with [her] memory." R. at 20-21 (reviewing Plaintiff's treatment history indicating that she was alert and oriented, had good insight and judgment and intact memory, concentrated well in conversation, and exhibited attention within normal limits). "While [Plaintiff] may have some mental impairments, the undersigned finds that . . . [she] is not persuasive as to the extent of her mental symptoms. Therefore, a residual functional capacity for work at all exertional levels, with the additional restrictions imposed, is appropriate." R. at 23-24. Because the ALJ explained why Plaintiff's moderate limitation in concentration, persistence, or pace did not translate into a limitation in the RFC assessment, remand under *Mascio* is not warranted. *See Bright v. Berryhill*, No. 1:16CV459, 2017 WL 2693513, at *2-5 (M.D.N.C. June 21, 2017) (recommending affirming Commissioner's decision because ALJ's mental RFC explanation justified ALJ's determination that claimant was able to perform light, unskilled work by pointing to record evidence of, among other things, claimant's stable mood, clear thinking, and ability to handle her own finances), *report and recommendation adopted*, No. 1:16CV459, 2017 WL 3263125 (M.D.N.C. July 31, 2017).

**B.    ALJ's Evaluation of Opinion Evidence**

Plaintiff next maintains that the ALJ erred in evaluating Dr. Mirabelli's opinions formed after a December 16, 2014, consultative psychological examination (R. at 630-54, 725). Pl.'s Mem. Supp. Mot. Summ. J. 6-10, ECF No. 16-1. The ALJ gave "little" or "limited" weight to Dr. Mirabelli's opinions because they were vague; based on a one-time examination; and

inconsistent with the longitudinal medical record, the findings of multiple treating sources, and Plaintiff's work and life history. R. at 22-23.

The Court finds that substantial evidence supports the weight given by the ALJ to Dr. Mirabelli's opinions. The ALJ noted that "there was no prior treating relationship between [Plaintiff] and the doctor and that this was a one-time evaluation. Therefore, the doctor did not have the longitudinal treating experience on which to base her opinions" (R. at 22). See *Charles v. Barnhart*, 375 F.3d 777, 783 (8th Cir. 2004) (generally when consulting physician examines claimant only once, his opinion is not substantial evidence); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (per curiam); *Clark v. Apfel*, 141 F.3d 1253, 1256 (8th Cir. 1998) ("A one-time evaluation by a non-treating psychologist is not entitled to controlling weight."); *cf. Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) (per curiam) (affording great weight to treating physician's opinion because it reflects judgment based on continuing observation of patient's condition). The ALJ also noted that Plaintiff's "job ended not due to her alleged disability, but because her employer went out of business" (R. at 22). *See Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015) (fact that claimant was laid off from her position, rather than forced out because of her condition, undercut her claim of disability); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (claimant's pain allegations were not credible where claimant reported at hearing and to his doctors that he left job because he was laid off, not because he was injured).

Plaintiff contends that the ALJ erred in finding that her ability to raise three children was inconsistent with the level of impairment opined by Dr. Mirabelli. Pl.'s Mem. Supp. Mot. Summ. J. 10, ECF No. 16-1. Indeed, "there is no basis for the ALJ's statement that [Plaintiff's] raising of her children detracts from her credibility—particularly when she was raising her

children well before her alleged disability onset date." *Nunez v. Comm'r of Soc. Sec.*, No. 616CV1737ORL28GJK, 2017 WL 3638279, at *6 (M.D. Fla. July 25, 2017), *report and recommendation adopted*, No. 616CV1737ORL28GJK, 2017 WL 3668776 (M.D. Fla. Aug. 23, 2017). The ALJ nonetheless found that the findings from Plaintiff's treating sources were not consistent with Dr. Mirabelli's opinions. R. at 22-23. Thus, "[t]he ALJ's 'finding of inconsistency with other evidence alone is sufficient' for the ALJ to afford little weight" to Dr. Mirabelli's opinions. *Michel v. Colvin*, 640 F. App'x 585, 596 (8th Cir. 2016) (per curiam) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790-71 (8th Cir. 2005)); *see McKiddy v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-2190, 2015 WL 5102746, at *4 (D. Md. Aug. 28, 2015) ("[The plaintiff's] contention that the ALJ overlooked [the consultative examiner's] objective testing asks this Court to reweigh evidence based on the fact that it is objective rather than subjective. Though I cannot review the evidence in this way, I find that the ALJ supplied substantial evidence in giving little weight to [the consultative examiner's] opinion."). Plaintiff's contention that the ALJ erred in his evaluation of Dr. Mirabelli's opinions thus is unavailing. Because substantial evidence supports the weight given by the ALJ to Dr. Mirabelli's opinions, Plaintiff's argument that remand is warranted because the ALJ failed to include all of her impairments in the hypothetical questions to the VE is also without merit. *See Fisher v. Barnhart*, 181 F. App'x 359, 364 (4th Cir. 2006) (per curiam); *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Because Plaintiff's remaining arguments are unavailing as well, the Court affirms the Commissioner's final decision.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here. Thus, Defendant's Motion for Summary Judgment is **GRANTED**,

Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## VII

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: August 10, 2018                                    /s/
                                                        Thomas M. DiGirolamo
                                                        United States Magistrate Judge